## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| KEIRON KENNETH HOLMES, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-012 |
| | ) | |
| DILLARD'S DEPARTMENT STORE, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Keiron Kenneth Holmes, Sr. filed a Complaint alleging that an employee at a Savannah, Georgia department store "use[d] racial profiling," in reporting possible shoplifting to police. *See* doc. 1 at 4-5. He also moved to pursue this case *in forma pauperis*. Doc. 5. The Court granted him leave, doc. 6, and he returned the required forms, docs. 7 & 8. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490

(11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555.  Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Holmes' allegations are straightforward, if somewhat disorganized. He alleges that he was shopping at a Dillard's Department Store in Savannah, Georgia and was "harass[ed]" by a Savannah Police Department officer, who is not named as a defendant.  Doc. 1 at 4. Defendant Tedrick, a "store clerk," allegedly reported to the officer that "a black male look like [sic] he is about to shoplift," and that Holmes had taken items into a dressing room but had not returned them.  *Id.* Holmes

alleges that he returned all items. *Id.* He alleges that the report amounted to "racial profiling, was bias and discriminated against [him] by calling the cops . . . for no good reason . . . ." *Id.* at 5. He suggests that "the arresting office [sic] violated laws of Georgia, [and] SPD policies / procedures," but does not name any law enforcement officer as a defendant. *See id.*; *see also id.* at 1-2. He seeks monetary damages. *Id.* at 3. Holmes' allegations do not allege any claim that can be pursued in this Court.

First, Holmes cannot pursue a 42 U.S.C. § 1983 claim against the Department Store or its employee because neither of them is a state actor. Section 1983 provides relief against defendants "acting under color of state law." *See, e.g., Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). The fact that private parties call police clearly does not transform them into state actors. *See, e.g., Williams v. Town of White Hall, Ala.*, 450 F. Supp. 2d 1300, 1308 (M.D. Ala. 2006) ("[P]rivate businesses that call the police do not transform

themselves into state actors."). Any § 1983 claim against the named defendants in this case is, therefore, doomed.

In addition to § 1983, federal law requires that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." 42 U.S.C. § 1981(a). The elements of a § 1981 claim are "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1270 (11th Cir. 2004)) (internal quotation marks omitted). The Eleventh Circuit has noted that "there exists scant authority in our circuit applying § 1981 to claims brought by customers against commercial establishments." *Id.* Courts have rejected § 1981 claims arising from alleged discrimination arising from reported shoplifting in

4

retail contexts. *See Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009) ("[A] shopper advancing a claim under § 1981 must show an attempt to purchase, involving a specific intent to purchase an item, and a step toward completing that purchase," and rejecting that "a shopper need only enter a retail establishment to engage in protected activity under § 1981"); *id.* at 473 ("Absent an allegation that the plaintiffs attempted to purchase merchandise, the complaint fails to meet the foundational pleading requirements for a suit under § 1981 . . . ."); *Garrett v. Tandy Corp.*, 295 F.3d 94, 101-02 (1st Cir. 2002) (plaintiff failed to state § 1981 claim where retail transaction was complete before police acted on reported shoplifting). Holmes expressly alleges that "[v]ideo will show [him] putting item[ ]s back on the rack," doc. 1 at 4, which indicates that he did not intend to purchase any items and precludes any § 1981 claim.

Finally, federal law prohibits discrimination on the basis of race in places of public accommodation. 42 U.S.C. § 2000a(a). However, "retail stores are not places of public accommodation within the meaning of § 2000a." *Kelly v. Yorktown Police Dept.*, 2006 WL 3316183, at *5 (S.D.N.Y. Nov. 13, 2006) (collecting cases); *see also Jones v. Stein Mart*

*Dept. Store*, 2014 WL 2611536, at *3 n. 5 (S.D. Ala. June 11, 2014) (noting

"a retail clothing store . . . is not a place of public accommodation . . . ,"

and collecting cases).   Moreover, Title II provides only for injunctive

relief.   *See* 42 U.S.C. § 2000a-3(a); *Newman v. Piggie Park Enter., Inc.*,

390 U.S. 400, 401-02 (1968) ("When a plaintiff brings an action under

[Title II], he cannot recover damages.").   Title II, therefore, does not

provide any basis for a claim arising from Holmes' allegations.

To the extent that Holmes alleges that the employee, and perhaps

vicariously her employer, defamed him by accusing him of shoplifting or

committed some other state law tort, perhaps malicious prosecution or

false arrest, *see* doc. 1 at 3 (seeking damages for "loss of job, defeclamation

[sic] of character and for the time I had to spend in jail"), this Court lacks

jurisdiction.   There is no allegation suggesting that this Court could

exercise original diversity jurisdiction under 28 U.S.C. § 1332, *see* doc. 1

at 1-2, and the Court should decline to exercise supplemental jurisdiction

over any state law claims, given that Holmes has failed to state any claim

under federal law, *see* 28 U.S.C. § 1367(c); *Mergens v. Dreyfoos*, 166 F. 3d

1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior

to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even

requires dismissal of state claims." (internal quotation marks and citations omitted)).

Accordingly, Holmes' Complaint fails to state any claim upon which relief can be granted. It should, therefore, be **DISMISSED**. Doc. 1. Although *pro se* parties are often entitled to an opportunity to amend their complaints before dismissal, Holmes' claims do not appear amendable. [1] *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[A] district court need not allow amendment if the amended complaint would still be subject to dismissal.").

Finally, the Court must assess Holmes' filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects no average monthly balance or deposits. Doc. 7 at 1. Based upon his furnished information, he does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall

---

[1] Although the Court discerns no viable claim arising from the facts alleged, Holmes remains free to submit an amended complaint within the fourteen-day objections period, discussed below, if he wishes to expand his allegations. The Clerk is **DIRECTED** to send a blank copy of Form Pro Se 1 (Complaint for a Civil Case) for Holmes' convenience. Holmes is advised that, if he submits an Amended Complaint, it will supersede his original pleading and, therefore, must be complete in itself. *See, e.g., Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir 1982).

set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order. [2]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections

---

[2] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 20th day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA